*KSU*

# ORIGINAL

Ambrose S. Fernandez, Jr.
722 University Ave  Apartment A
Honolulu, Hawaii 96826
Cell: (808) 348-1982

Plaintiff *pro Se*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 19 2015

at __2__ o'clock and __44__ min. __P__ M
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT

### for the

### STATE OF HAWAII

AMBROSE S. FERNANDEZ, JR.,

    Plaintiff ,

    vs.

STATE OF HAWAI'I ;  DEPT. OF
PUBLIC SAFETY – SHERIFF
DIVISION;DEPUTY SHERIFF
MAURICE RICE, in his Official Capacity
as Deputy Sheriff;  DEPT., ATTORNEY
GENERAL;  (DAG) Deputy Attorney
General Matthew S. Dvonch, and Henry
Kim in his official capacity as Deputy
Attorney General;


    Defendants - Appellees

John Does 1-10;  Jane Does 1-10;  Doe
government  Entities 1-10;  Doe
Corporation 1-10; Doe Non-Profit Corp.
1-10,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil No. __C.V15   00487 KSC__

[Class Action ADA, nHI, Tort]

Exhibit A & B COURT CASE


Exhibit D COMPLAINT
Exhibit E SUMMONS
Exhibit F DECLARATION


MOTION TO REINFORCED
COMPLAINT ( See Exhibit F
DECLARATION

Exhibit W ORDER DATED SEPT. 28,2015.
Exhibit X  ORDER DATED July 17, 2015
Exhibit Y ORDER DATED October 17,2015

1

Ambrose S. Fernandez, Jr.
722 University Ave  Apartment A
Honolulu, Hawaii 96826
Cell: (808) 348-1982

Plaintiff *pro Se*

## SUBJECT INDEX

PAGE

SUBJECT INDEX……………………………………………………………..2

I.TABLE of AUTHORITIES……………………………………………..............7

I.I.APPLICATION, BACKGROUND AND INTRODUCTION...……………………………10

III QUESTIONED, PROCEDURE ……………....…..……………………………… .12

IV  STATEMENT  OF THE CASE…………….….………………………….….... 13

V. APPLICABLE  PRE PLANNING, CONCERNS  AND ENFORCEMENT ……………..... 20

VI COMPLAINT  …………………………………………………………….16

VII CONCLUSION…………..………….….…….......................................... 21

Appendix

MOTION TO REINFORCED COMPLAINT ………………………………………..

This case is related to cover up on  going violations , deception, retaliation, and discrimination **American with Disability Act (ADA) (a federal law)**, native Hawaiian indigenous (nhi),  (United Nations Declaration on the Rights of Indigenous Peoples( U.N. RIP) and sustaining  the lower court's decision.

**plan**

The case addresses  a judicial plan   which alleged discrimination by State Sheriff. There has been lack of planning, violating nHi,. , U.N.F. and  enforcement for compliance. The complaint should  be  acceptable because of  (**Declaration cc Act 504 ).**  The law must address

**standards, permits, inspection, enforcement for approval** otherwise the plans are
**unconstitutiona** There should be  full and complete right of review of the planning approval , if
necessary.  Therefore, **(Declaration aa ADA , not adopted and  ff Department of Justice )**

1  **Any one**  submitting accessibility preliminary plans, inspection, enforcement  and final
designed  are subject to  standards, approval  plans, permits  by City and County Plans
and Permitting, Department of Accounting and General Service (DAGS), Department of
Transportation (DOT), Department of Agriculture:( DOA), .Department of Education
(DOE),.Department of Health(DOH) are all unconstitutional because lack of  inspection,
enforcement DOJ and Court Review, all necessary  **(Declaration   Supreme Clause pp)**

**2.**    **Any one** submitting preliminary, final designed subject to standards, approved plans
inspections, permits and enforcements  by Disability Communication Access Board ( DCAB)
**is unconstitutional** as inspection and enforcement by  DOJ. **ASFJ has seen this process at
DCAB. (Declaration ADA  aa)**

**3. Lack of training**   ADA, nHi, inspectors cause undue discrimination, **unconstitutional
enforcement** by DOJ, and unnecessary court review **(Declaration ADA aa and
Department of Justice ff)**

**4. Repealed,**  Then City and County Council Chairman John Desoto certified Law
(four decades) violated due process  and  the equal Protection Clauses is still
**unconstitutiona**l **(Declaration ADA aa not adopted )**

1.  suspension of the award of contracts; complete response  to documents
requests; and award to ASFJ.

**questioned…...……………………………………………………………………....**

1.   **Does the ADA, nHi law as provided in this  complaint  allow plans approval,
,permits, inspection , enforcement a judicial. Review Disability Rights Section of the
(DOJ) and native Hawaiian indigenous (nHi), and  title II requirements. The
following are public entity pre- planning requirements on adoption of ADA .**

2.  **to conduct a self-evaluation** of its services, policies, and practices by July 26, 1992, and
make modifications necessary to comply with the Department's title II regulation
**(Declaration ff)**

- **to notify applicants**, participants, beneficiaries, and other interested persons of
their rights

- **The City and County of Honolulu designate a Qualify designated  responsible
employee (RME)(ten years experience)** to coordinate its efforts to comply and
carry out the County's ADA responsibilities

- **to establish a grievance procedure** for resolving complaints of violations of title

3. **to operate each program**, service, or activity so that, when viewed in its entirety, it is readily accessible to and usable by individuals with disabilities,

4. **The denial of the judicial review** of the Intermediate Court of Appeal regarding the lack of planning, standards, enforcement, compliance **was unconstitution**al pursuant to :

- The parties to this Agreement are the DOJ, the County and nHi . In order to avoid the burdens and expense of possible litigation, the parties hereby agree as follows:

   1. **No investigation**

   2. **Standards** used as a guide for existing facility is "readily accessible to and usable by" persons with disabilities,

## DECLARATION

On above Motion Ambrose S, Fernandez, Jr Declares **" Judgment on merits'** Plaintiff has

provided ample finding of facts                                        :

**aa.**American with Disability Act (**ADA**)
Title II of the ADA **prohibits discrimination against a qualified individuals in all program activities  and services** of public entities effective January 26, 1992. It clarifies requirements of section 504 of the Rehabilitant Act of 1973

**bb.. Supreme Clause-** is the provisions in Article Six , Clause 2 of the of the United States Constitution that establishes the United States Constitution, federal statutes , and treaties as "the "supreme law of the land". It provides that these are the highest forms of law in the United States legal system, and **mandates that all state judges must follow federal law** when a conflict arises between federal law and either a state  constitution or state law of any state.

**cc. Ordinance  97-16 section 3 Chapter 16 Article 9 repealed accessibility(1968)-** ADA no adoption –Repealed 1997 approved then Council Chairman John from City and County ordinance
- Handicapped Accessibility ( Ordinance 97-16 Section 3 Chapter 16 Article 9)

There has been no ADA. Earlier, Letter from Steve Holmes, council member to Kazu Hayshida Director DOT related to conflict of interest between the State and C&C oh Honolulu.

**dd. Section 504-of the Rehabilitation Act of 1973 is a national law** that protects individuals from discrimination based on their disability. Under this law, disabilities included persons with a physical impairment which limits one or major life activities.

**ee DCAB – Disability Communication Access Board** – (DCCAB)state agency   no federal authority for compliance including preparing plans for review, applicable federal standards

**ff. Dept. of Justice Disability Rights Civil Rights Division**

> 1.. Letter dated March 25, 2010  City parking adjacent to Hawaii State Library  enforce Title II protects disable
> 2. Fax by Ame Eduardo settlement agreement 47 pages
> 3. Letter dated December 7, 2010 from Ame Eduardo DOJ, enforcer
> 4. Settlement agreement DOJ and County of Kauai signed agreement page 44 e
> **DOJ**- Department of Justice (DOJ) should initiated this matter as a .**compliance review** under **title II of the Americans with Disabilities Act of 1990 to ensure that facilities** for which construction or alteration was begun after January 26, 1992, are readily accessible to and usable by people with disabilities,

**gg LikeLike Street.(Adjacent to Hawaii State Library)**- DAG's on lease from DLNR along Likelike Street does not take in to account Fraud, discrimination  related to Street not accepted by City and County, Honolulu(Public Works)
Three incidents (August 2, 2005. April 20, 2009 and November 13, 2009) lateral connection between King St. and State Capitol grounds. The concrete paved mall/street  includes 5 foot walkway, ten foot tall ceramic pole at ten foot intervals (eight workable  and two wooden box non workable ) and metal pole  signage  violation 23 DFR Part 655 Subpart F signage installation. On August 2, 2005, DAGSSRMO acted inappropriate and gain  Citations offered to ASFJ. I was left in the state of mind. I believe my civil rights and American with Disability Act (ADA) , tort had been violated and wish to appeal not only the original but the ensuing bill as well. I never knew any violation could be enforced. I though my insurance would pay less the deductible DAGS had no legal authority to issue citations and received money. There was fraud by, **DAGSSRMO**(Land agent) to issue citation and received money, illegal citation, there was none. I believe my civil rights were violated. Thereafter, Attorney Stella Kam suggested a meeting with DAGS. Saito and Coppa  ( neglected Plaintiff Registered mail twice to Coppa) . The final net amount remaining after the prescribed damages payment should go to a good cause.

On March 25, 2010 **I recevied letter dated March 26, 2010 Code (WH 102870)** from the White House.This letter was referred to DOJ on November17, 2009 and. January 13, 2010

This letter was referred to DOJ on November 17, 2009.Monday April 2009(four years latter)
Linda Lopez, attorney from DOE Civil Rights  stated that DOJ has jurisdiction under ADA complaints of disability discrimination filed against public accommodations on Wednesday April 20, 2009 (Four years later) at about 11:00 A.M. with the intention of doing research at the Library of Hawaii (LH) , I parked in a designated handicapped parking area . In this situation, the stalls lacked a permit.

Conclusion: There were no permits (signs concrete walkway ) Extortion by Public Officials and Aid and abetting. On July 30, 2009 , Plaintiff receive letter from Russ K. Saito does not understand ADA.

Three separate incidents
1st –Four Department of DAGS employees
,2nd- One employee
3rd incident- One employee
.   No permits violation ADA lack enforcement and no compliance Letter from Tania Lopez, Attorney Civil Rights, states in part, that DOJ has jurisdiction under the ADA over prior complaint of Disability discrimination filed against public accommodation

**hh..    John Rodgers Blvd-** Citation No. DTP -08-02-022029 ( **Parking in Loading Zone Handicapped Parking Area  Adjacent to Commuter Terminal Interisland Terminal**) does not take into account consideration selective **enforcement** law is unconstitutional and raised as a defense by person DOT (Department of Transportation ) Three incidents  **(June 28, 2006, January 30, 2008) and August 2009** at CTHIA and situated along John Rodgers Boulevard. Inhumane treatment by employed Security (five)..

I parked in a clearly designated Handicapped parking area  (no curbside ramp, as required. Baggage Claim A-1 with the intent of picking up my guest arriving from a neighbor island, I displayed my windshield blue color handicapped decal  (effective until November 2006 p-019-4120 visible through my windshield. Almost immediately after parking my vehicle security attendant ( **FRANKLIN AMIAN Badge No. 228907**) ordered me to move because of a sign-away from the handicapped Stall indicated the area on ground and wall to be handicapped stall to be tow Away Zone.  **It was clear he did not recognize, honor and accept the handicapped stall as designed**.  Since I did not agree with has assessment of a violation , I offered to accept a citation which point he immediately called his supervisor , Mr. Jeffrey Waters, who also agreed with Mr. Amian's assessment .   In turn , Mr. Walter called Mr. Hosea Uelese ( Badge No. 22859) who made another call while expressing my " **NOT CARING** "Attitude about 12:30P.M.  A fourth security personnel , Mr. Francis Repunte ( Badge No. 2296850 arrived and advised that I would have five minutes to park at the handicapped spot . Another security came by ( **I did not get his name** ). This too appears arbitrary as no time restrictions were visibly indicated at the designated handicapped parking zone. At 12:36 P.M. , Mr.Hosea Uelese issued me Citations No. 1DTP-06-0075 Upon review of the citation . I am being charge under HRS 261-12 Airport Parking Rules, HA 19-15, 1-8 (a)(1)
Prohibited parking Area . Specifically , HAR 19-15,1-8 states: (a) No operator :(1) Park any vehicle on a public airport except in an area specifically designated  to parking. " Since I was parked in a clear designated handicapped Parking space with a legitimate handicapped parking Decal. I could not have violated this rule that I charged with and, therefore , request  that this Citation be dismissed.

CONCLUSION: Considering the above number of **five security personnel** ( I assume all working for the State of Hawaii Airport) involved in making their arbitrary decisions . It was decision made wrongfully  possible because of a whim /impulse or for unsound reasons. It is apparent they all appear unfamiliar with Hawaii revised Statute (HRS), Hawaii **Revised Rules (HAR),** the rules and regulations , governing this unique situation. As a matter of fact, neither was I as I was only complying and adhering to the visibly ground and wall postage signage. However, upon researching the before applicable rules, I am more convince of my insurance ( See      Attached incidents)

> 1st – Incident -,
> 2- Incident
> 3rd -Incident
> Lack enforcement and compliance no ADA and  permits  Illegal use of signage at CTHIA (advised by Justice Department to correct- See correction letter)

**jj.** . COURT ORDER  signed by then Chief Justice Herman Lum on August 9, 1996

> relates as stated, inpart – accessibility  a entrance to Supreme Court
>
> Facility. Judge preempt federal law and ADAAG Standards

**jj.** State of Hawaii Supreme Court- Site plan related to accessibility and standards needs permits.  The Judge Order was in violation.

**kk. Honolulu Board of Water Supply located along Beretania Street and proximity of Frank Fasi facility-**  Violated accessibility stalls implanted a metal, and post. Accessory needs permit

ll. Native Hawaiians-: Applicability standards

I.      TABLE OF AUTHORITIES...............................................................................................

*STATUTES*

*Hawaii* **Revised Statute**  §1-2 Certain laws **not obligatory** until published No written law unless otherwise specifically provided by Legislative enactment except general or special

appropriation acts, loan funds acts, pension acts and franchised acts shall be obligatory without first being printed and made public  ………………………………
**Hawaii Revised Statute** §1-3 no laws has any **retrospective operation  unless otherwise express or obviously intended "**……………………………………….......

RULES
 **Hawaii Revised Statutes ( "HRS ") §602-59** (Appeals from decision of the Intermediate appellate courts, writ certiorari)i…………………………………………………………………………
**Hawaii Rules of Appellate procedure  Rule 40.1** ………..……………………………………………

Black law dictionary 8th edition…………………………………………………………………………...

# Title II Highlights

## i. <u>Who is Covered</u> by Title II of the ADA

The title II regulation covers "**public entities.**" include any **State or local government and any of its DOJ agencies, or other instrumentalities.**

## ii. Overview of Requirements
State and local governments --
<u>**May not refuse**</u> to allow a <u>**person with a disability**</u> to participate in a service, program, or activity simply because the person has a disability.

## iii. "<u>Qualified Individuals</u> with Disabilities"

Title II of the Americans with Disabilities Act provides comprehensive civil rights protections for "qualified individuals with disabilities." An "individual with a disability" <u>**is a person who -- has a physical or mental impairment that substantially limits**</u> a "major life activity", or has a record of such an impairment,

## iv. Program Access
State and local governments
<u>**Must ensure that individuals with disabilities are not excluded from services, programs, and activities because buildings are in accessible.**</u>Providing an aide or personal assistant to enable an individual with a disability to obtain the service.

## v. Integrated Programs
<u>**Integration of individuals with disabilities**</u> into the mainstream of society is fundamental to the purposes of the Americans with Disabilities Act.

## vi. Communications

**State and local governments must ensure effective communication** with individuals with disabilities.

## vii. New Construction and Alterations ( no retrofitting )

Public entities must ensure that newly constructed **buildings and facilities are free of architectural and communication barriers that restrict access or use by** individuals with disabilities. When a public entity undertakes alterations to an existing building, it must also ensure that the altered portions are accessible.

**The ADA does not require retrofitting of existing buildings to eliminate barriers, but does establish a high standard of accessibility for new buildings. : The Uniform Federal Accessibility Standard (UFAS),**

## viii. Enforcement

Private parties may bring lawsuits to enforce their rights under title II of the ADA. **The remedies available are the same as those provided under section 504 of the Rehabilitation Act of 1973.**

## ix. Complaints

**Any individual** who believes that he or she is a victim of discrimination prohibited by the **regulation may file a complaint**.

Complaints may be sent to --

**Disability Rights Section**
**Civil Rights Division**
**U.S. Department of Justice**
**P.O. Box 66738**
**Washington, D.C. 20035-6738**
**Complaints may also be sent to agencies designated to process complaints under the regulation, or to agencies that provide Federal financial assistance to the program in question.**

## x. Designated Agencies (designated for enforcement )

**The following agencies are designated for enforcement  title II for components** of Federal, State and local governments that exercise responsibilities, regulate, or administer services, programs, or activities in the following functional areas --

**Department of Agriculture**: Farming .

**Department of Education**: Education .

**Department of Health and Human Services**: Schools of medicine.

**Department of Housing and Urban Development**: State and local public housing, and housing assistance

**Department of Interior**: Lands and natural resources,

**Department of Justice**: Public safety, law enforcement, and the administration of justice, including courts

**Department of Labor**: Labor and the work force.
**Department of Transportation**: Transportation,

## xi. Technical Assistance

**The ADA requires** that the **Federal agencies** responsible for issuing ADA regulations **provide "technical assistance**."

For additional information, contact:
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Civil Rights Division
Disability Rights Section, NYAV
Washington, D.C 20035-6738
(800) 514-0301 (Voice)
(800) 514-0383 (TDD)


II.APPLICATION , BACKGROUND AND INTRODUCTION.........................................

On September 28, 2015, ASFJ  received from Supreme Court clerk  order dismissing

as moot  the September 28, 2015 Motions (By Fujise, J)  It states in part,  upon review of the

records, it appears that on  September 28, 2015, this court dismissed appeal No. CAAP-15-

0000431 for lack of appellate jurisdiction. Although earlier,  Fujise, J .approved  a thirty

day extension To October 2015 for requested medical reason .  Simultaneously at court .

Plaintiff-Appellant Ambrose S. Fernandez Jr with caregiver Roy Ho to oberserve     filed a

Motion for Rest and Recuperation  and Motion to Recuse Court stated , It is hereby ordered that

the motions are dismissed as moot. (there is an overlap on approval and moot)  On October 2,

2015, as requested by clerk  and after major heart surgery with constant pain and admittance to

Straub (earlier Dr. Larry Derbes submitted comments).  Petitioner Plaintiff –Appellant

AMBROSE S. FERNANDEZ, Jr.( ASFJ)  submitted two sets  Notice of Appeal (NA)( No.

CAAP-15-0000431. As suggested by counter clerk filed a writ.  Subsequently, Petitioner

Plaintiff –Appellant AMBROSE S. FERNANDEZ, Jr. ( ASFJ) applies for a writ of certiorari  to

the HAWAII SUPREME COURT under Hawaii Revised Statutes ( "HRS ") §602-59 (Appeals

from decision of the Intermediate appellate courts, writ certiorari) and Rule 40.1 (Application for

writ of certiorari) of the Hawaii Rules of Appellate Procedure with respect to the summary

disposition order from Hawaii Intermediate Court of Appeals in Ambrose S. Fernandez, Jr. v.

State of Hawaii ; Dept. of Public Safety – Sheriff Division ;

Deputy Sheriff Maurice Rice  in his Official Capacity as Deputy Sheriff;   Department , Dept.,

Attorney General  (DAG) Deputy Attorney General Matthew S. Dvonch, and Henry Kim in his

official capacity as Deputy  Attorney General. On March 25, 2013, Sheriff Maurice Rice denied

ASF( native Hawaiian indigenous)   On or about Monday, the 25th, day of March 2013 and on or

about  Wednesday the 8th, day of January 2014, Plaintiff intended to attend a hearing  civil

litigation  pending before the Honorable Judge Virginia Lea Crandall, in the First Circuit Court,

State of Hawai'i. The Sheriff's Division has a duty and responsibility for the safe operation of

security to the front and rear entrances of the court house in a safe and reasonable manner, the

Sheriff's Division is also required to periodically train and academically inform their deputies of

any amended changes in rules and laws pertaining to Federal, State, and County updates in

correlation to their job description, Defendants breached all of the duties set forth above and

were also  negligent and/or grossly negligent in preventing and denying Plaintiff's entry into and

participation in the above Circuit Court hearing scheduled on or about those particular days,

Defendant Sheriff's Division discriminated against Plaintiff by denying him his right

under the **United  Nation, Federal, and State laws** that govern **"Americans Disabilities Act"**

and his rights to access and enter into the court at the appointed court hearing dates mentioned

herein.  Defendants failed to train or follow proper procedures and/or inquire of Plaintiff's

disabilities to which he has numerous limitations. **discrimination includes the failure**

**to remove**  As a result Ambrose S. Fernandez, Jr. **suffered economic loss**, was not able to attend the above mentioned hearing.  By denying Plaintiff entry into the court facilities to attend his hearing, **his civil rights were violated** and any advantage of attendance at that hearing, is forever lost.  **Such a magnitude of personal loss, mental anguish as well as emotional distress, includes pain, suffering and damages in amount to be proven and which exceeds the minimum jurisdictional amounts of this court**    Defendants' breached their fiduciary responsibilities and official duties through willful neglect, lack of training, and carelessly operating the facility by denying and not allowing Plaintiff to attend his hearing.

The court on  dated  September 28, 2015 order **dismissing as moot and for lack of appellate jurisdiction** and the Judgment on Appeal dated October 1, 2015.  **The Supreme Court by ORDER REJECTNG APPLICATION FOR WRIT OT CERTIORARI ON OCTOBER 26, 2015 BY /s/ Mark E. Recktenwald, /s/ Paula A Nakayama, /s/ Sabrina S. Mckenna, / s/ Richard W. Pollack and / s/ Michael D. Wilson ( See attached Exhibit Y).**

I I I.    QUESTIONED, PROCEDURES ............................................................ .. ..

This case is related to violation, deception, retaliation and discrimination  of **American with Disability Act (ADA),  and native Hawaiian indigenous rights. (nhi), (United Nations Declaration on the Rights of Indigenous Peoples  Exhibit (UNDRIP** F ) for Ambrose S. Fernandez, Jr. sustaining  the lower court's decision.

- **scheme –on going**

    This case addresses  a judicial scheme  which alleged lack of preplanning, nHi, United Nations, Federal standards , permits, inspections and enforcement for compliance to implement services, without any planning review, the complaint is not acceptable**.** The law must address  standards, permits, inspection, enforcement for approval for service otherwise **unconstitutiona**l where there is full and complete right of review of the planning approval , if necessary.  Therefore,

    **1  Any one** submitting preliminary plans, inspection, enforcement  and final designed are subject to  standards, approved plans, permits  by Prior to ,City and County OF Honolulu Plans and Permitting, Department of Accounting and General Service (DAGS), Department of Transportation (DOT), Department of Agriculture:( DOA), .Department of

Education (DOE),.Department of Health(DOH) **are all unconstitutional** because lack of inspection, enforcement DOJ and Court Review, all necessary **There is lack of planning because ASFJ has seen this process at the Building Department**

2. **Any one** submitting preliminary and final designed subject to standards, approved plans inspections, permits and enforcements  by Disability Communication Access Board ( DCAB) are **unconstitutional** as inspection and enforcement by DOJ. **ASFJ has seen this process at Disability Communication Access Board**

3. **Lack of training**  ADA, nHi, inspectors cause undue discrimination, **unconstitutional enforcemen**t by DOJ, and unnecessary  Court Review.

4. **Repealed,** Then City & County Council Chairman John Desoto City and County of Honolului **certified 97-16**  A Bill for an Ordinance to amend Chapter 16 **(four decades)** violated due process   and  the equal Protection Clauses is still **unconstitutional related to accessibility under ADA**

procedures

The parties to this scheme  are the Department Of Justice , County  and nHi. In order to avoid the burdens and expense of possible litigation, the parties hereby agree as follows:

In consideration of the terms of, and consistent with, this Agreement as set forth below, the **Attorney General/DOJ  agrees to refrain from undertaking further investigation** or from filing civil suit in this matter regarding the areas covered by the Remedial Action provisions of this Agreement, except as provided in.The Parties agree that the technical requirements and, where appropriate, **the scoping requirements of the Standards are used as a guide** for determining whether a program or activity held in an existing facility is **"readily accessible to and usable by" persons** with disabilities, and for determining what changes are necessary to make this program or activity accessible if it continues to be provided in the existing facility in question.

IV <u>STATEMENT OF THE CASE</u>  ……………………………………………………..

ASFJ sought a judicial review  of complaint dated March 25, 2013 **(Tutu's Birthday)** related to under **ADA , nHi and (. UNDRI P)** as a demand for compliance

The ADA plans cover eligible individuals who are physically handicapped and  disabled.

Since there  are  no local  planning , permitting of existing facilities violation

compliance,.  The violations included denial of ADA,  nHi, UNDRIP who have the right ,

without discrimination the improvements of their economic and social conditions ,

including inter alia(**other things**) , in the areas of education , employment , vocational

training and retraining, housing , sanitation , health and social .

2.State shall take effective measures and where appropriate special measures to ensure

3.to continuing improvements of their economic and social conditions. Particular

attention shall be paid to the rights and special needs of indigenous elders, women ,

youth, children and persons with disabilities,  Thereafter, ASFJ lodged a complaint

pursuant to ADA regulations which was denied by Circuit Court Judge Karl  Sakamoto.

The protest alleged as follows:

1. Judge failed to **properly review** ASFJ technical complaint
   discrimination and denial
2. Judge i**mproperly** utilized the **technical proposal** as a basis to exclude ASFJ
   from further consideration (**Twice**)
3. **ASFJ  was denied proper  accessibility**
4. The treatment of ASFJ violates the terms of the settlement agreement
   As related to precedence accessibility between County of Kauai, Hawaii  and
   the Department  of Justice Civil Rights (DOJCR)
5. The terms of ADA, nHi has violated the rights of the **federally qualified**
   **members**. In its complaint, ASFJ also sought relief seeking damages : The
   recusal of Judge Karl Sakamoto preclude from participating in the complaint.
   The suspension of the award of contracts; complete response  to documents
   requests; and award to ASFJ.

The **ICA filed on September 28, 2015 a motion to dismiss the  claim/ complaint**
There was **no judicial review and motion** would not be considered and moot. As
indicated above ,The Intermediate Court affirmed the decision.

questioned

1. **Does the ADA, nHi law as provided  allow plans approval, standards ,permits,**
**inspection , enforcement a judicial Review Disability Rights Section of the  (DOJ)**
**and native Hawaiian indigenous (nHi), and  title II requirements, the following to**
**public entity pre planning requirements**

- **to conduct a self-evaluation** of its services, policies, and practices by July 26, 1992, and make modifications necessary to comply with the Department's title II regulation

- **to notify applicants**, participants, beneficiaries, and other interested persons of their rights and the **County's obligations** under title II and the Department's regulations,

- **to designate a qualified(minimum ten years experience) responsible management employee(rme)** to coordinate its efforts to comply and carry out the County's ADA responsibilities

- **to establish a grievance procedure** for resolving complaints of violations of title II,);

**2.to operate each program**, service, or activity so that, when viewed in its entirety, it is readily accessible to and usable by individuals with disabilities,

**3.The denial of the judicial review** of the Intermediate Court of Appeal regarding the lack of planning, standards, enforcement, compliance **was unconstitution**al pursuant to because:

a. The parties to this approval are the DOJ, the County and nHi . In order to avoid the burdens and expense of possible litigation, the parties should agree as follows:

   1. **investigation**

   2. **The Parties standards** are used as a guide for determining whether a program or activity held in an existing facility is "readily accessible to and usable by" persons with disabilities,

**argument**

A. **The law permits** review by ICA and /or the courts on accessibility is **unconstitutional**

B. **The effect** of the Intermediate Court's decision includes no **right of review**

C. **An examination leads to approval or denial**

D. **Intially**, a dissatisfied complainant a **right of reconsideration**.

E. The **other alternative** is the **adopted settlement agreement**. This fact alone raises

   major concerns.

F. **The law** or procedure as utilized by the State **is unconstitutional because lack of Court review**. In that regard the Hawaii Supreme Court has expressly stated that " the administrative is not enpowered to pass on the validity of the law; nor is it qualified to adjudicate the propriety of its own action"

G. **The Lack** of Intermediate of Court has reviewed **violated the equal protection** and **due process** The Intermediate Court of Appeal decision is the lack of independent review which has created lack of equal protection of the law

## VI. COMPLAINT..............................................................................

COMES NOW Plaintiff, AMBROSE S.FERNANDEZ, JR., pro-se, and for cause of action against Defendants above-named alleges and avers as follows:

1) Plaintiff Ambrose S. Fernandez, Jr. (hereinafter Plaintiff- ASFJ) was at all times a pertinent herein a resident within the State of Hawai'i;

2) Defendant STATE OF HAWAI'I, (hereinafter Defendant State) is a governmental entity and a sovereign under the law of the State of Hawai'i; **(Declaration cc Ordiance 97-16 and dd Section 504)**

3) duty post at the time of occurrence was the security post at front entrance of the First Circuit Court house located at the address of Ka'ahumnau Hale 777 Punchbowl Street, Honolulu, Hawai'i 96813 **( Declaration aa. ADA,- dd- Section 504 and mm Constituion State of Hawaii )**

4) Defendant Matthew Dvonch is herein named in his official capacity with Dept. of Attorney General as Deputy Attorney (hereinafter Defendant "Dvonch") an employee with the State Hawai'i Attorney General; Defendants' Department of Public Safety–Sheriffs' Division and Department of the Attorney General are governmental entities operating within the State of Hawai'i (hereinafter Defendant Departments DPS - Div. Sheriffs and DAG'S

(Department of Accounting & General Service) **(Declaration aa. ADA   cc, Ordinance 97-16 cc-and Section 504)**

      5)    Defendant Deputy Sheriff Maurice Rice ("Defendant "Rice") is herein named in his official capacity with Sheriffs Division Badge No. **#1241**, is an employee with the Sheriff's division under the auspice of the Department .of Public Safety who receives financial assistance. **(Declaration dd Section 504)**

      6)    Doe Defendant(s) John Does 1-10;  Jane Does 1-10;  Doe Government Entities 1-10;  Doe Corporation 1-10;  Doe Non-Profit Corp. 1-10 are herein also included under fictitious names.   After diligent and good faith efforts to ascertain their names and identities through review of applicable records and through discovery, their true names and identity are presently unknown to Plaintiff at this time.

      7)    Plaintiff reserves his rights to identify and included any such doe individuals, corporations, non-profit corporations and entities upon discovery and being ascertained during the course of trial.

      8)    All of the events giving rise to this lawsuit that took place within the City and County of Honolulu, State of Hawai'i, as mentioned herein.

      9)    On or about Monday, the 25th, day of March 2013 and on or about Wednesday the 8th, day of January 2014, Plaintiff intended to attend a hearing a civil litigation pending before the Honorable Judge Virginia Lea Crandall, in the First Circuit Court, State of Hawai'i. **(Declaration aa ADA and mm The Constitution State of Hawaii Article XII)**

      10)    The Sheriff's Division has a duty and responsibility for the safe operation of security to the front and rear entrances of the first circuit court house in a safe and reasonable manner. **(Declaration aa  ADA and cc Section 504)**

17

11)    The Sheriff's Division is also required to periodically train and academically inform their deputies of any amended changes in rules and laws pertaining to all Federal, State, and City & County updates in correlation to their job description. (**Declaration aa. ADA and**

12)    Defendants breached all of the duties set forth above and were also negligent and/or grossly negligent in preventing and denying Plaintiff's entry into and participation in the above First Circuit Court hearing scheduled on or about those particular days.

13)    Defendant Sheriff's Division discriminated against Plaintiff by denying him his right At that time Defendant and stated to Elderly Plaintiff **"Don't care".** under all Federal and State laws that govern "Americans Disabilities Act"(ADA) and his rights to access and enter into the first circuit court at the appointed court hearing dates mentioned herein.  Defendants failed to train or follow proper procedures from the enforcer (**Declaration aa ADA and  cc Section 504 ff Dept, of Justice)** DOJ and/or inquire of Plaintiff's disabilities to which he has numerous limitations and  Discrimination includes the failure to remove

14)    As a result, Ambrose S. Fernandez, Jr. suffered economic loss, was not able to attend the above mentioned hearings.  By denying Plaintiff entry into the first circuit court facilities to attend his hearings, **all Federal and State civil rights were violated** and any advantage of attendance at that hearing, is forever lost.  Such a magnitude of personal loss, mental anguish as well as emotional distress, includes pain, suffering and damages in amount to be proven and which exceeds the minimum jurisdictional amounts of this court.(**Declaration American with Disability Act aa  and mm The Constitution State of Hawaii Article XII**

15)    Defendants' breached their fiduciary responsibilities and official duties through willful neglect, lack of training, and carelessly operating the facility by denying and not

allowing Plaintiff to attend his hearings

16)    The Sheriff Office's conduct and actions amounted to gross negligent and intentional, willful, and wanton in not providing proper training for individuals with a disability such as Plaintiff under the Disabilities-Act. (**Declaration aa ADA and mm The Constitution State of Hawaii Article XII**)

17)Plaintiff had a recent and existing Implanted Cardiac Rhythm surgical heart-devise implanted within him which prevents and restricts him from participating, entering or going through any such metal detectors'(no Building permits from Department of Justice (DOJ) ) under strict direction and orders of his physician.  Any such metal-detection or scanning devise would cause his implant batteries to explode, and/or fail and would be life-threatening as he has experienced such explosion and battery failure in his past.  (**Declaration aa ADA cc Section 504**)

18)    Plaintiff's damages and losses stated herein is a direct result of Defendants' breach of all or some of the duties set forth above and also a resulted from Defendants' negligence and/or gross negligence.

19)    Plaintiff has sustained and will further sustain special and economic damages in an amount to be determined at trial. (**Declaration  aa ADA**)

20)    The total amount of all damages incurred by or on behalf of Plaintiff is in excess of the minimum jurisdiction requirements of the Circuit Court. (**Declaration aa ADA**)

21)    All non-governmental Defendants' were grossly negligent, needlessly endangered plaintiff and other individuals and/or acted in a willful, wanton or reckless disregard of the rights, feelings, and/or safety of others, and for that reason Plaintiff claims punitive damages against all non-governmental Defendants in an amount to be determined in trial.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally against Defendants' STATE OF HAWAI'I;  DEPT. OF PUBLIC SAFETY – SHERIFF DIV.; SHERIFF MAURICE RICE, in his Official Capacity as Deputy Sheriff;  DEPT. ATTORNEY GENERAL (DAG);  Deputy Attorney General Matthew S. Dvonch, in his official capacity as Deputy Attorney General; John Does 1-10; Jane Does 1-10; Doe government Entities 1-10; Doe Corporations 1-10;   Doe Non-Profit Corporations 1-10.

    a.    General and non-economic damages as are proven at the time of trial;

    b.    Special and economic damages as are proven at the time of trial;

    c.    All other applicable statutory and/or common law damages;

    d.    Punitive and exemplary damages as are proven at the time of trial;

    e.    Prejudgment interest from the date of the occurrence;

    f.    Reasonable attorney fees and litigation costs;

    g.    Such other relief as may be deemed just and equitable under the premises.


DATED: Honolulu, Hawai'i   _____


_____
Ambrose S. Fernandez, Jr.
Plaintiff, *pro s*

## VI. APPLICABLE  PRE PLANNING, CONCERNS  AND ENFORCEMENT ……………......

**(HRS §1-2 Certain laws not obligatory,§1-3 Laws not retrospective .and letters from Justice Department(enforcing) and responsibility.**

The American with Disability Act (ADA)  in Hawaii( The only State not Adopted ADA)  lack supports, by judicial,  unfair method of competition, deception, retaliation, negligent discrimination  has not been addressed in the City and County of Honolulu. Maui County and Island of Hawaii.
**Therefore, All ADA projects in Hawaii  must address  approval of plans, permit approval, standards and inspection, enforcement. Therefore the Court system would not be necessary**

20

**§1-3 Laws not retrospective. No law has any  retrospective operations , unless otherwise or obviously intended** [

VII. CONCLUSION...................................................................................................

The Supreme Court interpretation of the court October 26  order rejecting application for Writ of

Certiorari filed on September 29, 2015, is hereby rejected.  The applicable ADA permits an

independent review of the handicapped, provides applicable federal standards, native Hawaiian

**Indigenous  and  United Nations Declaration on the Rights of Indigenous Peoples**.  This

demonstrates ASFJ courage by standing up for  more than five decades to  2015  what is right for the

disabled handicapped, native Hawaiian  and voicing  concerns .  Therefore, based on the foregoing

and the application   in this case  Ambrose S. Fernandez, Jr. v. State of Hawaii ; Dept. of Public  Safety

Sheriff Division ; Deputy Sheriff Maurice Rice  in his Official Capacity as Deputy Sheriff;   Department

.Dept., Attorney General  (DAG) Deputy Attorney General Matthew S. Dvonch, and Henry Kim in his

official capacity as Deputy On Attorney General. The plaintiff  should not expend  uneccsary

expenses  because the President of the United States, Justice Department has recognize

the enforcement and standards has been in place but no recognition for the disabled

Further, recourring  dispositive  motion under double jeopardy prohibited by the FIFTH

AMENDMENT ( lower courts did not recognize)Therefore, the court should grant this

request and recognized **Title II related to American with Disability Act,  and  native**

**Hawaiians Indigeous  As applied to precedence  Department of Justice  settlement agreement**

**number  204-21-65  and enforcement  by**(DOJ) .

Dated: Honolulu, Hawaii _____

_____

Ambrose S. Fernandez, Jr

Plaintifff *prose.*