IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| AMBROSE S. FERNANDEZ, JR. | ) | CIVIL 15-00487 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MAURICE RICE and HENRY KIM, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
THE STATE OF HAWAII'S MOTION FOR JUDGMENT ON THE PLEADINGS,
OR IN THE ALTERNATIVE, TO DISMISS FOR FAILURE TO PROSECUTE**

Before the Court is Defendant State of Hawaii's ("the State") Motion for Judgment on the Pleadings, or in the Alternative, to Dismiss for Failure to Prosecute ("Motion"), filed on September 28, 2016. [Dkt. no. 22.] Pro se Plaintiff Ambrose S. Fernandez, Jr. ("Plaintiff") did not file a response to the Motion. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, the State's Motion is HEREBY GRANTED IN PART AND DENIED IN PART. The State's Motion is GRANTED insofar as: 1) Plaintiff's tort claims are DISMISSED WITH PREJUDICE; and 2) this Court ORDERS Plaintiff to appear at a hearing on **May 1, 2017, at 2:00 p.m.** to show cause why his case should not be dismissed for failure to prosecute.

The State's Motion is DENIED in all other respects.

## BACKGROUND

On November 19, 2015, Plaintiff filed a document that has been construed as his Complaint. [Dkt. no. 1.] The Complaint named the following defendants: the State; the Department of Public Safety, Sheriff Division ("Sheriff's Division"); Maurice Rice, in his official capacity as Deputy Sheriff ("Rice"); the Department of the Attorney General, State of Hawai`i ("AG's Department"); Matthew Dvonch, in his official capacity as Deputy Attorney General ("Dvonch"); and Henry Kim, in his official capacity as Deputy Attorney General ("Kim," all collectively "Defendants"). The crux of Plaintiff's Complaint is that, on March 25, 2013 and January 8, 2014, he attempted to attend a hearing in the State of Hawai`i, First Circuit Court courthouse, but the Sheriff's Division denied him entry. He alleges that the denial of entry – including the failure to remove barriers that prevented him from entering because of his disabilities and/or limitations – was a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq*. [Complaint at pgs. 11-12.] Plaintiff states that, because of his heart implant, he cannot go through metal detectors or scanning devises because doing so "would cause his implant batteries to explode, and/or fail and would be life-threatening." [Id. at pg. 19.]

Plaintiff also appears to allege a violation of Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, unspecified state civil rights laws, and the Hawai`i State Constitution. [Id. at pg. 16, 18.] Further, Plaintiff alleges that the Sheriff's Division negligently failed to properly train its deputies in the applicable laws. [Id. at pgs. 11, 19.] He alleges that he forever lost the advantages of attending the hearings and, as a result of the incidents, he suffered "personal loss, mental anguish as well as emotional distress, includ[ing] pain, suffering and damages." [Id. at pg. 12.]

The Complaint prays for the following relief: general, non-economic, special, and economic damages; any other type of damages available by statute or under common law; punitive and exemplary damages; prejudgment interest; attorneys' fees and costs; and any other appropriate relief. [Id. at pg. 20.]

The State is the only defendant that has appeared in this case. It filed its answer on December 10, 2015. [Dkt. no. 12.] On December 1, 2015, Plaintiff filed a Proof of Service stating that Rice and Kim were served on November 18, 2015 and asserting that they were designated by law to accept service of process on behalf of the Sheriff's Division and the AG's Department. [Dkt. no. 9.] There is no indication in the record that Plaintiff completed service on Dvonch.

On January 15, 2016, Plaintiff filed a motion for default judgment against the Sheriff's Division, Rice, and Kim. [Dkt. no. 15.]  On January 28, 2016, the magistrate judge filed his findings and recommendation to deny the motion ("F&R"), and this Court adopted the F&R on February 16, 2016.  [Dkt. nos. 16, 17.]  The motion for default judgment was premature because Plaintiff failed to obtain entry of default first.  However, since this Court adopted the F&R, Plaintiff has not attempted to obtain any entries of default.

The magistrate judge held a Rule 16 Scheduling Conference on February 29, 2016, but Plaintiff did not appear. [Minutes, filed 2/29/16 (dkt. no. 19).]  On January 17, 2017, the magistrate judge held a trial re-setting conference, but Plaintiff did not appear.  [Minutes, filed 1/17/17 (dkt. no. 29).]  Plaintiff has not filed anything in this case since his motion for default judgment and, as previously stated, he did not respond to the instant Motion.

In the instant Motion, the State argues that: all of Plaintiff's claims against it, as well as against State agencies and State officials in their official capacity, are barred by the State's Eleventh Amendment sovereign immunity.  In the alternative, the State argues that this Court should dismiss the case pursuant to Fed. R. Civ. P. 41(b) because Plaintiff has failed to prosecute his claims.

4

**STANDARD**

I.  **Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "Although [Ashcroft v.] Iqbal[, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009),] establishes the standard for deciding a Rule 12(b)(6) motion, we have said that Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard of review' applies to motions brought under either rule." Cafasso ex rel U.S. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (citations omitted and internal quotation marks omitted).  On a motion for judgment on the pleadings, the court must "accept as true all allegations in [the plaintiff's] complaint and treat as false those allegations in the answer that contradict [the plaintiff's] allegations." Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1206 n.2 (9th Cir. 2009) (citation omitted).  "[J]udgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law[.]" Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) (citation and internal quotation marks omitted).

## II. **Failure to Prosecute**

Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

This district court has stated:

> Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute or for failure to comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). A district court must weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). . . .

Pagano v. OneWest Bank, F.S.B., CV No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Hawai`i Jan. 10, 2012).

## **DISCUSSION**

## I. **Sovereign Immunity**

This district court has stated:

> The Eleventh Amendment states: "The Judicial

> power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Accordingly, under the Eleventh Amendment, a state is immune from suit brought in federal court by its own citizens or citizens of other states. Papasan v. Allain, 478 U.S. 265, 276 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Unless a state unequivocally waives sovereign immunity or Congress exercises its power under the Fourteenth Amendment to override that immunity, the state, its agencies, and its officials are immune from suit under the Eleventh Amendment for official actions or omissions. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66-67 (1989); Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) (Eleventh Amendment immunity extends to state instrumentalities and agencies, as well as state officials in their official capacities).

Baranyi v. Univ. of Hawai`i, Civil No. 13-00667 SOM-KSC, 2015 WL 3753091, at *3 (D. Hawai`i June 16, 2015).

### A.  Tort Claims

To the extent that Plaintiff alleges state tort claims against the State, such as negligent failure to train, those claims are barred by the State's sovereign immunity. See id. at *5 ("[I]n chapter 662 of the Hawaii Revised Statutes, Hawaii consents to being sued in tort actions. 'However this provision also does not operate as a waiver . . . to suit in federal court.'" (quoting Office of Hawaiian Affairs v. Dep't of Educ., 951 F. Supp. 1484, 1491 (D. Haw. 1996))).

This Court therefore CONCLUDES that Plaintiff's tort

7

claims against the State fail to state plausible claims for relief.  See Iqbal, 556 U.S. at 678 ("To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007))).  Further, this Court CONCLUDES that it is absolutely clear that this defect cannot be cured by amendment of the Complaint.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").  The State's Motion is GRANTED insofar as Plaintiff's state tort claims against it are DISMISSED WITH PREJUDICE.

Further, this Court CONCLUDES that the same analysis applies to Plaintiff's state tort claims against the other Defendants because Plaintiff has sued state agencies and state officials, in their official capacity, and the State's sovereign immunity extends to them as well.  See Krainski, 616 F.3d at 967.  Plaintiff's state tort claims against the Sheriff's Division, Rice, the AG's Department, Dvonch, and Kim are DISMISSED WITH PREJUDICE.

B. **ADA Claims and Section 504 Claims**

This district court has recognized that:

> Congress has abrogated the states' Eleventh Amendment immunity with respect to claims under Title II of the ADA and under the Rehabilitation Act. See Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 792 (9th Cir. 2004); Hanson [sic] v. Med. Bd. of Cal., 279 F.3d 1167, 1170 (9th Cir. 2002) (holding that Congress abrogated state sovereign immunity for claims under Title II of the ADA); Pugliese v. Dillenberg, 346 F.3d 937, 938 (9th Cir. 2003) (per curiam) (holding that a state waives its sovereign immunity under the Eleventh Amendment when it accepts federal Rehabilitation Act funds); Larson v. Ching, No. 08-00537 SOM, 2009 WL 1025872 *5 (D. Haw. 2009). The State and its employees in their official capacities do not, therefore, have immunity from suit under the ADA or the Rehabilitation Act . . . .

Kamakeeaina v. City & Cty. of Honolulu, CIV. No. 11-00770 SOM-RLP, 2012 WL 1080813, at *10 (D. Hawai`i Mar. 29, 2012). The State's Motion does not address Plaintiff's ADA claim and his Section 504 claim. This Court therefore DENIES the State's Motion to the extent that it seeks judgment on the pleadings as to Plaintiff's ADA claim and Section 504 claim.

II. **Failure to Prosecute**

The State also argues that this Court should dismiss Plaintiff's claims for failure to prosecute because "[t]his action has been pending since November, 2015[ and] Plaintiff has not done anything on this case for over nine months."[1] [Mem. in

---

[1] More than five months have passed since the filing of the
(continued...)

9

Supp. of Motion at 6.]  This Court notes that, although Plaintiff is proceeding pro se, he has prior experience litigating cases in this district court, and he is aware of his obligation to follow the applicable rules in this case.  In denying one of Plaintiff's motions that was "nonsensical," was unclear about the relief Plaintiff was seeking, and cited multiple rules that did not apply based on the record in this case,[2] the magistrate judge stated:

> Plaintiff is cautioned that he must comply with all rules and statutes or he may face sanctions, including but not limited to dismissal of this action.  Plaintiff should not seek relief from the Court unless he has a basis in law and fact. Plaintiff is no stranger to this Court, having filed multiple actions since 2010, and his pro se status does not excuse his compliance with all applicable rules and statutes.  Local Rule 83.13.

[EO, filed 12/10/15 (dkt. no. 13).]

Under the circumstances of this case, this Court agrees that, although Plaintiff was actively litigating this case earlier in the proceedings, he appears to have abandoned the case.  This Court therefore GRANTS the State's Motion, insofar as this Court ORDERS Plaintiff to appear at a hearing on **May 1,**

---

[1](...continued)
Motion, and Plaintiff has still failed to take any action on his claims.

[2] Plaintiff's motion was titled "MOTION under Fed. R. Civ P. 16(f) and L.R. 11.1 Sanctions and Penalties with support documents Exhibit A to C, affidavit, request *Sua Sporte*, see attached proposed Order."  [Filed 12/9/15 (dkt. no. 11).]

**2017, at 2:00 p.m.** to show cause why this case should not be dismissed for failure to prosecute.

This Court CAUTIONS Plaintiff that, if he fails to appear at the hearing on **May 1, 2017**, or if he appears but fails to show cause why this case should not be dismissed for failure to prosecute, this Court will dismiss the remaining claims in this case, and the case will be closed.

### CONCLUSION

On the basis of the foregoing, the State's Motion for Judgment on the Pleadings, or in the Alternative, to Dismiss for Failure to Prosecute, filed September 28, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART. The State's Motion is GRANTED insofar as: 1) Plaintiff's tort claims are DISMISSED WITH PREJUDICE as to all Defendants; and 2) this Court ORDERS Plaintiff to appear at a hearing on **May 1, 2017, at 2:00 p.m.** to show cause why this case should not be dismissed for failure to prosecute. The State's Motion is DENIED in all other respects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 14, 2017.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**AMBROSE S. FERNANDEZ, JR. VS. STATE OF HAWAII, ET AL; CIVIL 15-00487 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT THE STATE OF HAWAII'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, TO DISMISS FOR FAILURE TO PROSECUTE**