IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| AMBROSE S. FERNANDEZ, JR. | ) | CIVIL 15-00487 LEK-KSC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| STATE OF HAWAII, ET AL., | ) | |
| Defendants. | ) | |

## ORDER DISMISSING REMAINING CLAIMS
## AND DIRECTING THAT THE CASE BE CLOSED

On November 19, 2015, pro se Plaintiff Ambrose S. Fernandez, Jr. ("Plaintiff") filed a document that has been construed as his Complaint. [Dkt. no. 1.] On March 14, 2017, this Court issued its Order Granting in Part and Denying in Part Defendant the State of Hawaii's Motion for Judgment on the Pleadings, or in the Alternative, to Dismiss for Failure to Prosecute ("3/14/17 Order").[1] [Dkt. no. 32.[2]]

The 3/14/17 Order dismissed all of Plaintiff's tort claims against all Defendants with prejudice, but denied the State's Motion to the extent that the State sought judgment on the pleadings as to Plaintiff's claims under the Americans with

---

[1] Defendant State of Hawai`i ("the State") filed its Motion for Judgment on the Pleadings, or in the Alternative, to Dismiss for Failure to Prosecute ("Motion") on September 28, 2016. [Dkt. no. 22.] The State is the only defendant that has appeared in this case. [3/14/17 Order at 3.]

[2] The 3/14/17 Order is also available at 2017 WL 988103.

Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq.*, and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794. [3/14/17 Order at 8-9.] The 3/14/17 Order also noted that Plaintiff appeared to have abandoned the case, and this Court ordered Plaintiff to appear at a hearing on May 1, 2017 to show cause why the case should not be dismissed for failure to prosecute ("Show Cause Hearing"). [Id. at 10-11.]

The Clerk's Office served the 3/14/17 Order on Plaintiff via first class mail to an address on Wilder Avenue ("Wilder Address"). Plaintiff's address of record in this case, however, is an address on University Avenue ("University Address"). See Complaint at pg. 1. Plaintiff never notified this district court that he changed his address.[3] The Clerk's Office attempted to serve the Amended Rule 16 Scheduling Order, filed January 17, 2017 ("1/17/17 Scheduling Order"), on Plaintiff at his University Address, but it was returned by the United States Post Office ("the Post Office"). The Post Office provided the Wilder Address as Plaintiff's current address. [Dkt. no.

---

[3] Local Rule 83.1 states, in pertinent part:

> A pro se party shall . . . file and serve on all other parties who have appeared in the action any change of address, and the effective date of the change. The notice required by this rule shall be filed within fourteen (14) days of the change. Failure to comply with this rule may result in sanctions, including but not limited to monetary fines, dismissal of the case, or entry of a judgment.

2

31.] The Clerk's Office resent the 1/17/17 Scheduling Order to Plaintiff at the Wilder Address, and the Clerk's Office served the 3/14/17 Order on Plaintiff at the Wilder Address. Neither of those two orders were returned by the Post Office, and Plaintiff is presumed to have received them.[4]

On April 20, 2017, this Court issued an entering order rescheduling the Show Cause hearing for May 15, 2017 ("4/20/17 EO"). [Dkt. no. 34.] The Clerk's Office attempted to serve the 4/20/17 EO on Plaintiff via certified mail, return receipt requested, at the Wilder Address. [Dkt. nos. 35, 36.] However, on May 16, 2017, it was returned as undeliverable. [Dkt. no. 38.]

Plaintiff failed to appear at the Show Cause Hearing. [Minutes, filed 5/15/17 (dkt. no. 37).] This Court also notes that Plaintiff did not file any document responding to the 3/14/17 Order. In fact, Plaintiff did not file a response to the State's Motion, has not filed anything in this case since

---

[4] There is no evidence in the record to rebut the presumption that Plaintiff received the 1/17/17 Scheduling Order and the 3/14/17 Order, which were sent, with the proper postage, to the address provided for Plaintiff by the Post Office. See, e.g., Fernandez v. Harrington, Case No. LA CV 10-05681-VBF-PJW, 2015 WL 11216743, at *3 (C.D. Cal. Feb. 24, 2015) ("to rebut the presumption that petitioner's legal assistant received the R&R in the ordinary course of the mail shortly after the Clerk's Office mailed it with proper address and proper postage, petitioner must present 'clear and convincing evidence' that for some reason he did not receive it" (some citations omitted) (citing In re Bucknum, 951 F.2d 204, 207 (9th Cir. 1991))).

January 15, 2016, and failed to appear before the magistrate judge at either the scheduling conference on February 29, 2016 or the trial re-setting conference on January 17, 2017.  See 3/14/17 Order at 1, 4.

Plaintiff's failure to appear at the May 15, 2017 Show Cause Hearing hypothetically could be due to the fact that he did not receive the 4/20/17 EO.  However, there is no indication in the record that Plaintiff attempted to appear on May 1, 2017 – the original date specified for the Show Cause Hearing in the 3/14/17 Order.  Further, Plaintiff did not notify this district court either that the University Address was no longer valid or that the Wilder Address was no longer valid, as Local Rule 83.1 required him to do.  Because of Plaintiff's failure to submit the required notices that he changed his address, this Court has no way to contact him.

Viewing the record in this case as a whole, this Court FINDS that Plaintiff has failed to show good cause for his failure to prosecute this case.  Fed. R. Civ. P. 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

The State did file a motion to dismiss the action for failure to prosecute, and Plaintiff has not shown good cause for his failure to prosecute the case.

In addition, after weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[5] this Court FINDS that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, this Court FINDS that Defendants will not be prejudiced by dismissal because only the State – which requested dismissal for failure to prosecute – has appeared in this action, and there are no less drastic alternatives available at this time.

This Court therefore CONCLUDES that all of Plaintiff's remaining claims in this case – *i.e.* his ADA claim and his Section 504 claim – must be DISMISSED because of Plaintiff's failure to prosecute the case.  The dismissal of Plaintiff's

---

[5] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

remaining claims is WITHOUT PREJUDICE to the filing of a separate case asserting these claims because this Court CONCLUDES that there is no basis in the record for a dismissal with prejudice.

This Court emphasizes that, although Plaintiff may choose to bring his ADA and Section 504 claims in a **new case**, he has no remaining claims, and he cannot file an amended complaint in **this case**. This Court therefore DIRECTS the Clerk's Office to close the case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 22, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**AMBROSE S. FERNANDEZ, JR. VS. STATE OF HAWAII, ET AL; CIVIL 15-00487 LEK-KSC; ORDER DISMISSING REMAINING CLAIMS AND DIRECTING THAT THE CASE BE CLOSED**